108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
William G. CARLOS, et al., Plaintiffs-Appellees,
v.
Carmelo J. SANTOS, individually, et al., Defendants-Appellants.
 No. 96-9653.
 United States Court of Appeals, Second Circuit.
 March 19, 1997.
 
 1
 APPEARING FOR APPELLANTS: Julius Cohn, Cerrato, Sweeney, Cohn, Stahl & Vaccaro, White Plains, N.Y.; David O. Wright, Shrub Oak, N.Y.
 
 
 2
 APPEARING FOR APPELLEES: Jonathan Lovett, Lovett & Gould, White Plains, N.Y.; William J. Madonna, Bronx, N.Y.
 
 
 3
 JON O. NEWMAN, Chief Judge, JOSEPH M. McLAUGHLIN, Circuit Judge, and RICHARD OWEN,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the case is hereby REMANDED to the District Court.
 
 
 6
 The Town of Putnam Valley (N.Y.) and three Town Board Members appeal from the December 13, 1996, order of the District Court continuing in effect a temporary restraining order ("TRO"). As originally issued on November 1, 1996, the order barred the abolition of the Town's Police Department. At oral argument, we were advised that the order was modified on November 8, 1996, to prohibit the holding of a public hearing, a preliminary step to abolition of the Police Department. Appellants contend that the December 13 order is appealable as a preliminary injunction; appellees contend the order is a temporary restraining order that was continued by consent and is therefore not appealable.
 
 
 7
 We agree with the appellants that the order is a preliminary injunction. Though the issue of extending the TRO by consent was discussed at the December 13 hearing, appellants' counsel indicated only that he was prepared to consent if another aspect of the controversy could be stayed by agreement (A-210). When such agreement was not forthcoming, the Court announced from the bench that it was ordering the TRO continued "from today until the Court's decision on the matter." (A-214).
 
 
 8
 Judge Brieant entered the preliminary injunction primarily to avoid what he apprehended would be an undue risk of interruption of police services during the interval between abolition of the Town Police Department and the provision of police services by either the County Sheriff or the State Police. His assessment of the equities and the public interest was well within his discretion. Less well developed in the record is an assessment of the plaintiff's probability of success or even an analysis of a fair ground of litigation, to the extent that that alternative prong of the preliminary injunction standard might be applicable to this suit to enjoin governmental authority. Lacking findings on probability of success, we are obliged to remand to the District Court.
 
 
 9
 We were advised at oral argument that the District Court has now completed the hearing on the merits of the dispute and is prepared to issue its final decision. However, the District Court has declined to proceed further because it believes that the taking of the instant appeal deprives it of jurisdiction. See Memorandum and Order of January 27, 1997. Whether or not the appeal from the preliminary injunction divests the District Court of jurisdiction to proceed with the merits, under all the circumstances, we will remand the case to the District Court so that it may issue its final decision, from which any party will be entitled to perfect a timely appeal. In view of the public interest concerns identified by the District Court and the likelihood that the District Court will be able to issue its final decision with reasonable expedition, we will leave the preliminary injunction in force (without intimating any view as to the propriety of its issuance), subject to any further order that the District Court may deem appropriate. In the event that a final decision on the merits is not rendered within a reasonable time, the appellants may apply to this Court to recall the mandate and order such relief as may then be appropriate. Our mandate shall issue forthwith.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation